# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into by and between Marcus Powers ("Powers"), on behalf of himself and Jose Borges, Jose Sanchez, Gary Boyd, Jose Roldan, and Roberto Sanchez (collectively referred to herein as the "Plaintiffs"), and CHEP USA.

**WHEREAS**, on July 25, 2014, Powers filed his Complaint in the United States District Court for the Middle District of Florida as Case No. 6:14-cv-01216-PGB-GJK (the "Action") alleging violations of the Fair Labor Standards Act ("FLSA");

**WHEREAS**, the following individuals, in addition to Powers, have subsequently come forward and filed a motion asking to be made Party-Plaintiffs in this Action: Jose Borges, Jose Sanchez, Gary Boyd, Jose Roldan, and Roberto Sanchez.

**WHEREAS,** the parties wish to resolve this matter and avoid the disruption and expense of continued litigation;

**NOW, THEREFORE,** in consideration of the promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing or any violation of the FLSA. The parties have entered into this agreement for the sole purpose of resolving litigation and to avoid the future burden, expense, delay and uncertainties of litigation, and there should be no implications drawn from the fact of this settlement or the contents of this Agreement. The parties hereto agree that this Agreement should not be admissible into evidence or be mentioned, directly or indirectly by any of them as described below, for any purpose other than in an action for breach of this Agreement.

2. In consideration of this Agreement, and in full and final settlement of any claims which the Plaintiffs have made, CHEP USA shall tender payments as follows, by delivery to the Plaintiffs' counsel c/o Christina J. Thomas, Esq. at Morgan & Morgan, PA, 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801, within **two (2) business days** of entry of an Order approving this Agreement:
      i.   Two checks made payable to Marcus Powers in the total amount of $1,500.00 as follows:
         a.   One check in the amount of $712.50 for unpaid wages, less applicable taxes and withholdings, and
         b.   One check in the amount of $787.50 (representing $712.50 in liquidated damages and $75.00 in exchange for the releases contained herein)
      ii.   Two checks made payable to Roberto Sanchez in the total amount of $1,500.00 as follows:
         a.   One check in the amount of $712.50 for unpaid wages, less applicable taxes and withholdings, and

      b.      One check in the amount of $787.50 (representing $712.50 in liquidated damages and $75.00 in exchange for the releases contained herein).

    iii.    Two checks made payable to Gary Boyd in the total amount of $1,000.00 as follows:

        a.      One check in the amount of $462.50 for unpaid wages, less applicable taxes and withholdings, and

        b.      One check in the amount of $537.50 (representing $462.50 in liquidated damages and $75.00 in exchange for the releases contained herein).

    iv.    Two checks made payable to Jose Sanchez in the total amount of $500.00 as follows:

        a.      One check in the amount of $212.50 for unpaid wages, less applicable taxes and withholdings, and

        b.      One check in the amount of $287.50 (representing $212.50 in liquidated damages and $75.00 in exchange for the releases contained herein).

    v.    Two checks made payable to Jose Borges in the total amount of $1,000.00 as follows:

        a.      One check in the amount of $462.50 for unpaid wages, less applicable taxes and withholdings, and

        b.      One check in the amount of $537.50 (representing $462.50 in liquidated damages and $75.00 in exchange for the releases contained herein).

    vi.    Two checks made payable to Jose Roldan in the total amount of $250.00 as follows:

        a.      One check in the amount of $87.50 for unpaid wages, less applicable taxes and withholdings, and

        b.      One check in the amount of $162.50 (representing $87.50 in liquidated damages and $75.00 in exchange for the releases contained herein).

    vii.    One check made payable to Morgan & Morgan, P.A., for $9,805.92, for attorneys' fees and costs, and for which a Form 1099 will be timely issued.

3. This agreement is contingent upon CHEP USA executing the Agreement and filing the Joint Motion to Add Party-Plaintiffs and for Settlement Approval (the "Joint Motion") attached as Exhibit A, on or before January 15, 2015. If CHEP USA or its counsel fails to execute this Agreement and/or file an executed copy of the Agreement and Joint Motion by the deadline prescribed herein, this Agreement shall be null and void.

4. CHEP USA is requiring that each of the Plaintiffs execute the Acceptance and Verification of the Settlement Agreement attached as Exhibit B prior to the release of the settlement funds by the Plaintiffs' counsel. However, upon Court approval of the Joint Motion and dismissal of the Action with prejudice, any such requirement shall not

operate to delay payment to any Plaintiff or the Plaintiffs' counsel who have timely complied with their obligations under this Agreement.

5. In consideration and conditioned upon receipt of the wage and liquidated damages payments described above, the Plaintiffs do hereby release and forever discharge CHEP USA and any companies (including, but not limited to, Brambles Industries, Inc.) that are or were parents, subsidiaries, affiliates or entities related to or associated with CHEP USA and any of their past or present predecessors, successors, assigns, administrators, partners, officers, shareholders, directors, employees, insurers, agents and attorneys from any and all claims under the FLSA. The Plaintiffs also each represent and warrant that they have now been fully paid for all hours worked and agree that this representation by each is an essential element of this Agreement and of the payments being made by CHEP USA and that these are representations upon which CHEP USA has reasonably relied.

6. In consideration of the additional payments described above ($75.00 per Plaintiff) the Plaintiffs on their own behalves and for their heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns hereby release, acquit, forever discharge, and holds harmless CHEP USA and all of its current and former parents, subsidiaries, related entities, companies, and affiliates (including, but not limited to, Brambles Industries, Inc.), together with all of their predecessors, successors, and assigns and all of their past and present representatives, agents, officers, directors, trustees, attorneys, insurers, shareholders, and employees (collectively, the "Releasees"), from any and all charges, claims, demands, actions, liens, causes of action and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, which the Plaintiffs now have, may have or have ever had against CHEP USA or the Releasees by reason of any and all acts, omissions, events, circumstances or facts existing or occurring up to the date of the Plaintiffs' executions of this Agreement. By way of example and not limitation, included in the charges, claims, demands, actions, causes of action and liabilities being released, acquitted, and forever discharged are all claims that were or could have been asserted for unpaid wages; all claims arising out of or related to the Plaintiffs' employment by or relationship with CHEP USA or the Releasees and their separation therefrom; all claims arising out of any alleged violations of any contracts, express or implied; all tort claims; all common law claims; all claims for wages or benefits; all claims for attorneys' fees and costs; and all claims arising under Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section 1981; the Family and Medical Leave Act of 1993; the Age Discrimination in Employment Act of 1967; the Florida Civil Rights Act; the Florida Whistleblower Statute, and any and all other Florida Statutes; Section 448 of the Florida Statutes; the Equal Pay Act; the Fair Labor Standards Act; the National Labor Relations Act; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, any state thereof, or any county, municipality, or other political subdivision of any state or of any agency or instrumentality of any of the foregoing.

7. The Plaintiffs represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against CHEP USA or the Releasees with any

3

local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. To the fullest extent permitted by law, the Plaintiffs will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, CHEP USA or the Releasees, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Agreement. Nothing in this Agreement shall prohibit or restrict the Plaintiffs from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency.

8. The parties covenant and agree that that they will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such terms or conditions to any person, although the parties may provide this Agreement to their attorneys or licensed tax professional, provided they inform their attorney(s) or licensed tax professional to maintain the confidentiality provided herein. In response to any inquiries regarding this matter, the parties may state, by illustration, that "the matter was resolved" without verbal inflection or other indication of the result as positive or negative. The intent is that there be no communication by any means of the result other than "resolved." The parties agree they will not discuss any term of this Agreement. Each Plaintiff agrees that if he is subpoenaed or otherwise compelled to testify in any matter which involves Plaintiffs' work for CHEP USA or the Releasees, they shall be notified in writing at least five (5) days in advance of the subpoena so that they may enforce this confidentiality provision and otherwise protect their respective interests. Notice hereunder shall be sent in writing to James W. Seegers, Esquire, 200 S. Orange Avenue, SunTrust Center, Suite 2300 Orlando, FL 32801 and via e-mail at JSeegers@Bakerlaw.com. The parties further agree that the prevailing party in any litigation to enforce this confidentiality term shall be entitled to both injunctive and monetary damages, along with attorney's fees.

9. By accepting the settlement sums payable under this Agreement, the Plaintiffs acknowledge that they have been compensated in full and without compromise for their claims in this action. The Plaintiffs also are aware of the sums payable to their counsel under this Agreement and agree that these sums represent a fair and final compromise of their claims for attorneys' fees in this Action.

10. This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in a writing signed by the parties. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

11. Should any non-material provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality,

4

validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12. This Agreement shall be binding upon the Plaintiffs and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of said parties and to their heirs, administrators, representatives, executors, successors and assigns. The Plaintiffs warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands, or causes of action released herein.

13. In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

14. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

DATE: 1/15/15

Signature: _____

Marcus Powers on behalf of himself and all other Plaintiffs in this Action (Roberto Sanchez, Gary Boyd, Jose Sanchez, Jose Borges, and Jose Roldan)

DATE: 1/15/15

Signature: _____

Print Name: Matthew Lallatin

Title: CEO, North America

On Behalf of CHEP USA.

605692055.1

5

EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCUS POWERS, individually, and
on behalf of all others similarly-
situated,

        Plaintiffs,

                                            Case No.:  6:14-cv-01216-PGB-GJK

vs.

BRAMBLES INDUSTRIES, INC., a
Foreign Profit Corporation, d/b/a
CHEP USA,

        Defendant.

_____

## JOINT MOTION TO ADD PARTY-PLAINTIFFS AND FOR SETTLEMENT APPROVAL

The parties, by and through the undersigned counsel, move this Court to, first, add certain Plaintiffs identified in Exhibit A as Party-Plaintiffs to this action, and, second, approve the parties' Settlement Agreement and dismiss this action with prejudice. The good cause warranting this Joint Motion is as follows:

## FACTS & PROCEDURAL HISTORY

Plaintiff Marcus Powers (the "Named Plaintiff") filed this lawsuit on July 25, 2014, to recover unpaid overtime wages and other relief as required by the Fair Labor Standards Act (the "FLSA"). *See* 29 U.S.C. § 201, *et seq.* [D.E. 1]. On July 29, 2014, the Named Plaintiff moved the Court for entry of an Order conditionally certifying a class of all similarly-situated laborers based on the Named Plaintiff's claim that the workers at Defendant Brambles Industries, Inc.'s (the "Defendant") Orlando facility were subject to an unlawful pay policy depriving them of wages for time spent attending pre-shift meetings. [D.E. 4]. The Court denied the Named Plaintiff's Motion without prejudice on September 3, 2014. [D.E. 13]. The Named Plaintiff

refiled his Motion for Conditional Certification on September 15, 2014 ("Renewed Motion"). [D.E. 15]. The Court denied the Named Plaintiff's Renewed Motion on September 18, 2014, pending expiration of a deadline in the Court's FLSA Scheduling Order. [D.E. 17]. The Defendant filed an Answer to the Named Plaintiff's Complaint on November 12, 2014. [D.E. 20].

In its Answer, the Defendant denied: (1) that that it employed the Named Plaintiff, (2) that it is a "covered enterprise" as defined by the FLSA, (3) that the Named Plaintiff worked overtime hours for which he was not properly compensated; (5) that there exist other workers who are similarly-situated to the Named Plaintiff; (6) that it failed to keep accurate records of the Named Plaintiff's hours worked; (7) that it wilfully violated the FLSA's overtime requirements; and (8) that the pre-shift meetings forming the basis of the Named Plaintiff's allegations were compensable time as defined by 29 C.F.R. §§ 785.11, 785.15, and 785.26. *Cf.* [D.E. 1 at ¶¶ 8, 9, 10, 11, 26, 27, 28, 32, 33, 34, 35, 36, 37, 38, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 66, 67, 68, 69, 70, 71, 72, 73, 774, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84] *and* [D.E. 20 at ¶¶ 8, 9, 10, 11, 26, 27, 28, 32, 33, 34, 35, 36, 37, 38, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 66, 67, 68, 69, 70, 71, 72, 73, 774, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84]. The Defendant also asserted twenty-three defenses, including but not limited to: failure to state a claim, good faith compliance, laches, waiver, fraud, payment in full, ratification, estoppel, unclean hands, failure to comply with employment policies, failure to mitigate, unspecified "exemptions," lack of knowledge, and the statute of limitations. [D.E. 20 at pgs. 8-11].

Since the filing of the Named Plaintiff's Complaint, the five (5) additional individuals identified in Exhibit A have come forward to participate in this action (collectively, and together with the Named Plaintiff, the "Plaintiffs"). [D.E. 3-1]; [D.E. 4-4]; [D.E. 4-5]; [D.E. 9-1]; [D.E. 10-1]; [D.E. 11-1].

2

Their names and dates of employment are as follows:

| Name | Dates of Employment |
|---|---|
| Marcus Powers | May 2011 – May 2013 |
| Jose Borges | September 2009 – August 2012 |
| Jose Sanchez | Mid-2007 – mid-2012 |
| Gary Boyd | February 2010 – June 2012 |
| Jose Roldan | Mid-2010 – June 2012 |
| Roberto Sanchez | Mid-2008 – June 2013' |

The Defendant denies that these individuals are similarly-situated to the Named Plaintiff. The Defendant further denies that these individuals were in its employ. The Plaintiffs acknowledge that even if they were to prevail at trial, their recovery would be limited by the applicable statutory period.  Indeed, more than half of the Plaintiffs' claims fall squarely outside of the FLSA's two-year statutory period.

Notwithstanding the disputed issues in this case, and in an effort to reduce the risks of litigation, the parties, with the assistance of counsel, have reached a full and final resolution of the Plaintiffs' claims which includes payment of the following:

| Name | Sec. 7(a) Back Wages | Sec. 16(b) Liquidated Damages | Total |
|---|---|---|---|
| Marcus Powers | $712.50 | $712.50 | $1,425.00 |
| Roberto Sanchez | $712.50 | $712.50 | $1,425.00 |
| Gary Boyd | $462.50 | $462.50 | $925.00 |
| Jose Sanchez | $212.50 | $212.50 | $425.00 |
| Jose Borges | $462.50 | $462.50 | $925.00 |
| Jose Roldan | $87.50 | $87.50 | $175.00 |

The Defendant also agrees to pay each of the Plaintiffs $75.00, in addition to the sums above, in exchange for executing a general release.  Finally, and apart from the sums payable to the Plaintiffs, the Defendant agrees to pay a total of 9,805.92 in attorneys' fees to the Plaintiffs'

counsel (representing $679.67 in litigation costs and 9,126.25 in attorneys' fees).[1]  A copy of the

parties' settlement agreement is attached as Exhibit B.[2]   The parties agree that, once tendered,

the settlement funds offered by the Defendant and accepted by the Plaintiffs fully compensate the

Plaintiffs for their claims in this action.   Accordingly, and for the reasons stated below, the

parties seek entry of an Order dismissing this case with prejudice.

**MEMORANDUM OF LAW**

### 1.  Request to Add Party-Plaintiffs

So that this Court has jurisdiction to approve the settlement in its totality, the parties

request that the Court add the individuals identified in Exhibit A to this action as Party-Plaintiffs.

*See Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-CV-1419-Orl-JGG, 2007 WL 1017577,

*4 (M.D. Fla. Apr. 2, 2007) (recommending addition of potential plaintiff as party prior to

approval of FLSA settlement).

### 2.  Request to Approve Settlement

Claims under the FLSA may be compromised in one of two ways.  *See Lynn's Food

Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).   The first is under the

supervision of the Secretary of Labor. *Id.* at 1353; 29 U.S.C. § 216(c).   The second, which is

"[t]he only other route for compromise of FLSA claims[,] is provided in the context of suits

brought directly by employees against their employer ... to recover back wages for FLSA

---

[1]      Counsel for the Defendant does not make any representation as to the reasonableness of the attorneys' fees amount, which were reduced by Counsel for the Plaintiff during the course of negotiations.

[2]      Counsel for the Plaintiff represents that she has the authority on behalf of the individuals identified in Exhibit A to file this Motion and to settle this claim for the amount stated by entering into the Settlement Agreement attached as Exhibit B.  Therefore, the parties are filing this Motion prior to all of the Plaintiffs executing their respective Acceptance and Verification of Settlement Agreement (the "Verifications") which are attached to the Settlement Agreement.  The parties will provide the signed Verifications to the Court as soon as they are provided by Counsel for the Plaintiffs.

violations." *Id.* at 1353. In such a scenario, the parties may "present to the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* When there has been no compromise of an FLSA claim, court approval under *Lynn's Food Stores* is not required. *See Mologousis v. Comfort Zone Massage Services, Inc.*, [D.E.] (Case No. 2:13-cv-00575-SPC-UAM) (*citing Boehne v. Easycredit Autosales, Inc.*, 2010 WL 4005367, *2 (M.D. Fla. Sept, 24, 2010)) (internal citations omitted).

Pursuant to Local Rule 3.08 it is "the duty of all counsel to immediately notify the Court upon the settlement of any case." L.R. 3.08(a), M.D. Fla. Thereafter, "the Court may order that a case be dismissed subject to the right of any party to move the Court within sixty (60) days thereafter (or within such other period of time as the Court may specify) for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings." *Id.* at (b). Accordingly, the parties notify the Court of the terms of their settlement agreement and request entry of an Order dismissing this case consistent with *Lynn's Food Stores*, *Comfort Zone* and Local Rule 3.08.

The terms of the parties' settlement agreement are fair and reasonable. First, much of the work performed by the Plaintiffs falls outside of the statute of limitations period. Plaintiffs Jose Sanchez, Gary Boyd and Jose Roldan all ended their employment more than two (2) years prior to the date they could have sought to opt in to this case. *See* 29 U.S.C. § 255. Second, the Defendant produced records indicating payment for all hours reported worked as required by the company's payroll policy. Of course, the Plaintiffs claim that they were instructed not to clock-in for the time spent attending "pre-shift meetings," but the Defendant disputed these allegations and averred that the Plaintiffs were paid for all time they worked of which their employer had knowledge. Third, the Defendant denied that it ever employed the Plaintiffs as defined by 29 U.S.C. § 203(d). During settlement discussions, the Defendant claimed that CHEP USA was the

Plaintiffs' employer, not the named Defendant, Brambles Industries, Inc. The named Defendant is a foreign corporation headquartered in Australia, and claimed that it is far removed from the operations of CHEP USA's Orlando facility that forms the basis of this lawsuit. *See* 29 C.F.R. § 792.1 ("Joint Employment" is "where the employee performs work which simultaneously benefits two or more employers"); *but see Antenor v. D & S Farms,* 88 F.3d 925, 929 (11th Cir. 1996) (employing "economic realities test" to determine joint employment under the FLSA). Even if the Plaintiffs were successful in proving the named Defendant liable, it asserts that much of the damages claimed are unrecoverable as they fall outside the applicable statutory period. *See* 29 U.S.C. § 255.

Based on the evidence exchanged by the parties, including relevant pay and time records, and following months of analysis of the multitude of legal theories and defenses asserted by the parties' counsel, the parties were able to reach a resolution of the Plaintiffs' claims. The settlement reached was the result of arms-length negotiations, supervised by competent counsel, and represents a fair resolution of a *bona fide* dispute. The Defendant claims that Plaintiffs would not have recovered anything on their FLSA claims if this case were to proceed to trial. The Plaintiffs, on the other hand, believe that evidence of the named Defendant's corporate dealings as/with CHEP USA would have established coverage. Furthermore, if this case were to proceed to formal discovery, the parties anticipated conducting electronic discovery (ESI), including the completion of formal time studies by expert witnesses qualified to analyze the nature and extent of the alleged "off the clock" work for which the Plaintiffs claimed they were not paid. The costs of such efforts, when compared with the extent of possible recovery in this case, made early settlement a reasonable option for all parties, despite their differences. Indeed, the result reached in this case guarantees a "just, speedy, and inexpensive determination" of this Action. *See* Rule 1, Fed.R.Civ.P. Finally, the parties did not simply negotiate a lump sum

settlement amount before allocating portions to the Plaintiffs' individual allocations and attorneys' fees and costs.  Rather, the amounts for the Plaintiff's individual allocations and attorneys' fees and costs, while negotiated contemporaneously, were kept separate and were not contingent upon the amount of the other.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009) (Courts need not scrutinize the amount of fees payable to counsel if the settlement appears reasonable on its face and where attorneys' fees were negotiated separately).

WHEREFORE, the parties respectfully request that the Court, first, add the Plaintiffs identified in Exhibit A as Party-Plaintiffs to this action, and second, approve the Parties' Settlement Agreement and dismiss this action with prejudice.

/s/James W. Seegers
James W. Seegers, Esq.
Fla. Bar No. 12531
E-Mail: jseegers@bakerlaw.com
Kevin W. Shaughnessy, Esq.
Fla. Bar No. 0473448
E-Mail: kshaughnessy@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida 32080-0112
Phone: (407) 649-4000
Fax: (407) 841-0168

*Counsel for Defendant*

/s/Christina J. Thomas
Christina J. Thomas, Esq.
Fla. Bar No. 0074846
cthomas@forthepeople.com
Bernard R. Mazaheri, Esq.
Fla. Bar No. 643971
bmazaheri@forthepeople.com
MORGAN & MORGAN
20 N. Orange Ave., Suite 1400
Orlando, Florida 32801
Tel: (407) 420-1414
Fax: (407) 245-3487

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Christina J. Thomas, Esq.
Bernard R. Mazaheri, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
E-mail: cthomas@forthepeople.com

**ATTORNEY FOR PLAINTIFF**

s/James W. Seegers
James W. Seegers

**EXHIBIT B**

**ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
BY MARCUS POWERS**

      In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff, Marcus Powers, expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement and Release (the "Agreement"), as follows:

      1.    The Plaintiff acknowledges that the parties have prepared this Agreement to settle the Action. Notwithstanding this settlement, CHEP USA denies that it is liable to the Plaintiff under the allegations set forth in the Action. The Plaintiff acknowledges that CHEP USA's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by CHEP USA now or at any time.

      2.    Subject to CHEP USA's receipt of an executed Agreement from the Plaintiff, the Court's approval of the same, and dismissal with prejudice of the Action, CHEP USA has offered to pay the Plaintiff and the Plaintiff has agreed to accept from CHEP USA:

      a.    $712.50 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to the Plaintiff in connection with this payment;

      b.    $712.50 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment; and

      c.    $75.00 for the General Release contained in Paragraph 6 of the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment.

      3.    The Plaintiff acknowledges and understands that, at CHEP USA's sole option and discretion, in the event the Plaintiff fails or execute the Agreement, the parties' settlement shall be void as to the Plaintiff. The Plaintiff further acknowledges and understands that, should CHEP USA exercise this right, or should the Court fail to approve the Agreement or dismiss the Action with prejudice, CHEP USA shall have no obligation to pay, and the Plaintiff shall have no right to receive, the payment described above.

      4.    The Plaintiff has been fully informed about the terms and conditions of the parties' Agreement, including, but by no means limited to, the General Release, by the Plaintiff's counsel, Morgan & Morgan. After carefully receiving, reviewing and considering both the General Release and the Agreement, the Plaintiff has elected to participate in, and execute, this Agreement. By executing this Agreement, the Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that the Plaintiff is giving up important rights, including, but not limited to, any and all claims against CHEP USA and the Releasees, has elected to participate in the settlement and signed the Agreement knowingly and voluntarily,

and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. The Plaintiff further represents and warrants that the Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in the parties' Agreement. By executing this Agreement, the Plaintiff agrees that the Plaintiff's counsel may dismiss the Plaintiff's claims with prejudice in the Action.

_____

Signature


_____

Plaintiff's Printed Name:


Social Security Number :  XXX-XX-_____


Date of Birth:  _____ / XX /_____

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
## BY ROBERTO SANCHEZ

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff, Roberto Sanchez, expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement and Release (the "Agreement"), as follows:

1. The Plaintiff acknowledges that the parties have prepared this Agreement to settle the Action. Notwithstanding this settlement, CHEP USA denies that it is liable to the Plaintiff under the allegations set forth in the Action. The Plaintiff acknowledges that CHEP USA's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by CHEP USA now or at any time.

2. Subject to CHEP USA's receipt of an executed Agreement from the Plaintiff, the Court's approval of the same, and dismissal with prejudice of the Action, CHEP USA has offered to pay the Plaintiff and the Plaintiff has agreed to accept from CHEP USA:

    a. $712.50 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to the Plaintiff in connection with this payment;

    b. $712.50 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment; and

    c. $75.00 for the General Release contained in Paragraph 6 of the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment.

3. The Plaintiff acknowledges and understands that, at CHEP USA's sole option and discretion, in the event the Plaintiff fails or execute the Agreement, the parties' settlement shall be void as to the Plaintiff. The Plaintiff further acknowledges and understands that, should CHEP USA exercise this right, or should the Court fail to approve the Agreement or dismiss the Action with prejudice, CHEP USA shall have no obligation to pay, and the Plaintiff shall have no right to receive, the payment described above.

4. The Plaintiff has been fully informed about the terms and conditions of the parties' Agreement, including, but by no means limited to, the General Release, by the Plaintiff's counsel, Morgan & Morgan. After carefully receiving, reviewing and considering both the General Release and the Agreement, the Plaintiff has elected to participate in, and execute, this Agreement. By executing this Agreement, the Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that the Plaintiff is giving up important rights, including, but not limited to, any and all claims against CHEP USA and the Releasees, has elected to participate in the settlement and signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. The Plaintiff further

represents and warrants that the Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in the parties' Agreement. By executing this Agreement, the Plaintiff agrees that the Plaintiff's counsel may dismiss the Plaintiff's claims with prejudice in the Action.

_____

Signature

_____

Plaintiff's Printed Name:

Social Security Number :  XXX-XX-_____

Date of Birth:  _____/ XX /_____

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
## BY GARY BOYD

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff, Gary Boyd, expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement and Release (the "Agreement"), as follows:

1.    The Plaintiff acknowledges that the parties have prepared this Agreement to settle the Action.  Notwithstanding this settlement, CHEP USA denies that it is liable to the Plaintiff under the allegations set forth in the Action.  The Plaintiff acknowledges that CHEP USA's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by CHEP USA now or at any time.

2.    Subject to CHEP USA's receipt of an executed Agreement from the Plaintiff, the Court's approval of the same, and dismissal with prejudice of the Action, CHEP USA has offered to pay the Plaintiff and the Plaintiff has agreed to accept from CHEP USA:

   a.    $462.50 for alleged unpaid wages/overtime pay less applicable taxes and withholdings.  An IRS Form W-2 will be issued to the Plaintiff in connection with this payment;

   b.    $462.50 for alleged liquidated damages.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to the Plaintiff in connection with this payment; and

   c.    $75.00 for the General Release contained in Paragraph 6 of the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment.

3.    The Plaintiff acknowledges and understands that, at CHEP USA's sole option and discretion, in the event the Plaintiff fails or execute the Agreement, the parties' settlement shall be void as to the Plaintiff.  The Plaintiff further acknowledges and understands that, should CHEP USA exercise this right, or should the Court fail to approve the Agreement or dismiss the Action with prejudice, CHEP USA shall have no obligation to pay, and the Plaintiff shall have no right to receive, the payment described above.

4.    The Plaintiff has been fully informed about the terms and conditions of the parties' Agreement, including, but by no means limited to, the General Release, by the Plaintiff's counsel, Morgan & Morgan.  After carefully receiving, reviewing and considering both the General Release and the Agreement, the Plaintiff has elected to participate in, and execute, this Agreement.  By executing this Agreement, the Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that the Plaintiff is giving up important rights, including, but not limited to, any and all claims against CHEP USA and the Releasees, has elected to participate in the settlement and signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  The Plaintiff further

represents and warrants that the Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in the parties' Agreement. By executing this Agreement, the Plaintiff agrees that the Plaintiff's counsel may dismiss the Plaintiff's claims with prejudice in the Action.


_____

Signature


_____

Plaintiff's Printed Name:


Social Security Number :  XXX-XX-_____


Date of Birth:  _____/ XX /_____

## <u>ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT</u>
## <u>BY JOSE SANCHEZ</u>

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff, Jose Sanchez, expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement and Release (the "Agreement"), as follows:

1.      The Plaintiff acknowledges that the parties have prepared this Agreement to settle the Action.  Notwithstanding this settlement, CHEP USA denies that it is liable to the Plaintiff under the allegations set forth in the Action.  The Plaintiff acknowledges that CHEP USA's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by CHEP USA now or at any time.

2.      Subject to CHEP USA's receipt of an executed Agreement from the Plaintiff, the Court's approval of the same, and dismissal with prejudice of the Action, CHEP USA has offered to pay the Plaintiff and the Plaintiff has agreed to accept from CHEP USA:

   a.      $212.50 for alleged unpaid wages/overtime pay less applicable taxes and withholdings.  An IRS Form W-2 will be issued to the Plaintiff in connection with this payment;

   b.      $212.50 for alleged liquidated damages.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to the Plaintiff in connection with this payment; and

   c.      $75.00 for the General Release contained in Paragraph 6 of the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment.

3.      The Plaintiff acknowledges and understands that, at CHEP USA's sole option and discretion, in the event the Plaintiff fails or execute the Agreement, the parties' settlement shall be void as to the Plaintiff.  The Plaintiff further acknowledges and understands that, should CHEP USA exercise this right, or should the Court fail to approve the Agreement or dismiss the Action with prejudice, CHEP USA shall have no obligation to pay, and the Plaintiff shall have no right to receive, the payment described above.

4.      The Plaintiff has been fully informed about the terms and conditions of the parties' Agreement, including, but by no means limited to, the General Release, by the Plaintiff's counsel, Morgan & Morgan.  After carefully receiving, reviewing and considering both the General Release and the Agreement, the Plaintiff has elected to participate in, and execute, this Agreement.  By executing this Agreement, the Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that the Plaintiff is giving up important rights, including, but not limited to, any and all claims against CHEP USA and the Releasees, has elected to participate in the settlement and signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  The Plaintiff further

represents and warrants that the Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in the parties' Agreement. By executing this Agreement, the Plaintiff agrees that the Plaintiff's counsel may dismiss the Plaintiff's claims with prejudice in the Action.


_____

Signature


_____

Plaintiff's Printed Name:


Social Security Number : XXX-XX-_____


Date of Birth:  _____ / XX /_____

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
## BY JOSE BORGES

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff, Jose Borges, expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement and Release (the "Agreement"), as follows:

1.      The Plaintiff acknowledges that the parties have prepared this Agreement to settle the Action.  Notwithstanding this settlement, CHEP USA denies that it is liable to the Plaintiff under the allegations set forth in the Action.  The Plaintiff acknowledges that CHEP USA's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by CHEP USA now or at any time.

2.      Subject to CHEP USA's receipt of an executed Agreement from the Plaintiff, the Court's approval of the same, and dismissal with prejudice of the Action, CHEP USA has offered to pay the Plaintiff and the Plaintiff has agreed to accept from CHEP USA:

        a.      $462.50 for alleged unpaid wages/overtime pay less applicable taxes and withholdings.  An IRS Form W-2 will be issued to the Plaintiff in connection with this payment;

        b.      $462.50 for alleged liquidated damages.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to the Plaintiff in connection with this payment; and

        c.      $75.00 for the General Release contained in Paragraph 6 of the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment.

3.      The Plaintiff acknowledges and understands that, at CHEP USA's sole option and discretion, in the event the Plaintiff fails or execute the Agreement, the parties' settlement shall be void as to the Plaintiff.  The Plaintiff further acknowledges and understands that, should CHEP USA exercise this right, or should the Court fail to approve the Agreement or dismiss the Action with prejudice, CHEP USA shall have no obligation to pay, and the Plaintiff shall have no right to receive, the payment described above.

4.      The Plaintiff has been fully informed about the terms and conditions of the parties' Agreement, including, but by no means limited to, the General Release, by the Plaintiff's counsel, Morgan & Morgan.  After carefully receiving, reviewing and considering both the General Release and the Agreement, the Plaintiff has elected to participate in, and execute, this Agreement.  By executing this Agreement, the Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that the Plaintiff is giving up important rights, including, but not limited to, any and all claims against CHEP USA and the Releasees, has elected to participate in the settlement and signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  The Plaintiff further

represents and warrants that the Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in the parties' Agreement. By executing this Agreement, the Plaintiff agrees that the Plaintiff's counsel may dismiss the Plaintiff's claims with prejudice in the Action.

_____

Signature

_____

Plaintiff's Printed Name:

Social Security Number : XXX-XX-_____

Date of Birth: _____/ XX /_____

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
## BY JOSE ROLDAN

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff, Jose Roldan, expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement and Release (the "Agreement"), as follows:

1.  The Plaintiff acknowledges that the parties have prepared this Agreement to settle the Action. Notwithstanding this settlement, CHEP USA denies that it is liable to the Plaintiff under the allegations set forth in the Action. The Plaintiff acknowledges that CHEP USA's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by CHEP USA now or at any time.

2.  Subject to CHEP USA's receipt of an executed Agreement from the Plaintiff, the Court's approval of the same, and dismissal with prejudice of the Action, CHEP USA has offered to pay the Plaintiff and the Plaintiff has agreed to accept from CHEP USA:

   a.  $87.50 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to the Plaintiff in connection with this payment;

   b.  $87.50 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment; and

   c.  $75.00 for the General Release contained in Paragraph 6 of the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to the Plaintiff in connection with this payment.

3.  The Plaintiff acknowledges and understands that, at CHEP USA's sole option and discretion, in the event the Plaintiff fails or execute the Agreement, the parties' settlement shall be void as to the Plaintiff. The Plaintiff further acknowledges and understands that, should CHEP USA exercise this right, or should the Court fail to approve the Agreement or dismiss the Action with prejudice, CHEP USA shall have no obligation to pay, and the Plaintiff shall have no right to receive, the payment described above.

4.  The Plaintiff has been fully informed about the terms and conditions of the parties' Agreement, including, but by no means limited to, the General Release, by the Plaintiff's counsel, Morgan & Morgan. After carefully receiving, reviewing and considering both the General Release and the Agreement, the Plaintiff has elected to participate in, and execute, this Agreement. By executing this Agreement, the Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that the Plaintiff is giving up important rights, including, but not limited to, any and all claims against CHEP USA and the Releasees, has elected to participate in the settlement and signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. The Plaintiff further

represents and warrants that the Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in the parties' Agreement. By executing this Agreement, the Plaintiff agrees that the Plaintiff's counsel may dismiss the Plaintiff's claims with prejudice in the Action.

_____

Signature

_____

Plaintiff's Printed Name:

Social Security Number : XXX-XX-_____

Date of Birth: _____/ XX /_____

605694451.1