## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into by and between Marcus Powers, Jose Borges, Jose Sanchez, Gary Boyd, Jose Roldan, and Roberto Sanchez (collectively, referred to herein as "Plaintiffs"), and CHEP USA ("Defendant").

**WHEREAS,** on July 25, 2014, Marcus Powers filed a Complaint in the United States District Court for the Middle District of Florida as Case No. 6:14-cv-01216-PGB-GJK ("the Action") alleging that Defendant violated the Fair Labor Standards Act ("FLSA");

**WHEREAS,** the following individuals, in addition to Marcus Powers, have come forward and asserted claims the Action: Jose Borges, Jose Sanchez, Gary Boyd, Jose Roldan, and Roberto Sanchez. Each of these individuals are Opt-in Plaintiffs in this case and are Party Plaintiffs as defined by 29 U.S.C. § 216(b).

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of continued litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing or any violation of the Fair Labor Standards Act. The Parties have entered into this agreement for the sole purpose of resolving litigation and to avoid the future burden, expense, delay and uncertainties of litigation.

2. In consideration of this Agreement, and in full and final settlement of any claims which Plaintiffs have made, Defendant shall tender payments as follows, by delivery to Plaintiffs' counsel c/o Christina J. Thomas, Esq. at Morgan & Morgan, PA, 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801, on or before **April 29, 2015**:

      i.   Two checks made payable to Marcus Powers in the total amount of $1,500.00 as follows:

         a.  One check in the amount of $712.50 for unpaid wages/overtime less applicable taxes and withholdings, An IRS Form W-2 will be issued in connection with this payment; and

         b.  One check in the amount of $787.50 (representing $712.50 in liquidated damages and $75.00 in exchange for the releases contained herein). No withholdings or taxes shall be deducted from this amount. An IRS Form 1099 will be issued in connection with this payment.

      ii.   Two checks made payable to Roberto Sanchez in the total amount of $1,500.00 as follows:

a.   One check in the amount of $712.50 for unpaid wages/overtime less applicable taxes and withholdings. An IRS Form W-2 will be issued in connection with this payment; and

b.   One check in the amount of $787.50 (representing $712.50 in liquidated damages and $75.00 in exchange for the releases contained herein). No withholdings or taxes shall be deducted from this amount. An IRS Form 1099 will be issued in connection with this payment.

iii.   Two checks made payable to Gary Boyd in the total amount of $1,000.00 as follows:

a.   One check in the amount of $462.50 for unpaid wages/overtime less applicable taxes and withholdings. An IRS Form W-2 will be issued in connection with this payment; and

b.   One check in the amount of $537.50 (representing $462.50 in liquidated damages and $75.00 in exchange for the releases contained herein). No withholdings or taxes shall be deducted from this amount. An IRS Form 1099 will be issued in connection with this payment.

iv.   Two checks made payable to Jose Sanchez in the total amount of $500.00 as follows:

a.   One check in the amount of $212.50 for unpaid wages/overtime less applicable taxes and withholdings. An IRS Form W-2 will be issued in connection with this payment; and

b.   One check in the amount of $287.50 (representing $212.50 in liquidated damages and $75.00 in exchange for the releases contained herein). No withholdings or taxes shall be deducted from this amount. An IRS Form 1099 will be issued in connection with this payment.

v.   Two checks made payable to Jose Borges in the total amount of $1,000.00 as follows:

a.   One check in the amount of $462.50 for unpaid wages/overtime less applicable taxes and withholdings. An IRS Form W-2 will be issued in connection with this payment; and

b.   One check in the amount of $537.50 (representing $462.50 in liquidated damages and $75.00 in exchange for the releases contained herein). No withholdings or taxes shall be deducted from this amount. An IRS Form 1099 will be issued in connection with this payment.

vi.   Two checks made payable to Jose Roldan in the total amount of $250.00 as follows:

a.   One check in the amount of $87.50 for unpaid wages/overtime less applicable taxes and withholdings. An

2

IRS Form W-2 will be issued in connection with this payment; and

b. One check in the amount of $162.50 (representing $87.50 in liquidated damages and $75.00 in exchange for the releases contained herein). No withholdings or taxes shall be deducted from this amount. An IRS Form 1099 will be issued in connection with this payment.

vii.     One check made payable to Morgan & Morgan, P.A., for $9,805.92, for attorneys' fees and costs, and for which a Form 1099 will be timely issued.

3.  Plaintiffs' counsel shall hold in trust all settlement funds until the later of: (1) Court Approval of the Agreement or (2) full execution by the parties. If, however, the Agreement is approved by the Court, the failure of one Plaintiff to execute the Agreement shall not prevent prompt payment to any Plaintiff or their counsel who have timely complied with their obligations herein.

4.  The Parties agree that, on or before **April 22, 2015**, they will submit to the Court a copy of this Agreement for its approval.

5.  In consideration and conditioned upon receipt of the wage and liquidated damages payments as described above, Plaintiffs do hereby release and forever discharge Defendant and any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendant and any of their past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys from any and all unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

6.  Plaintiffs also each represent and warrant that once the settlement sums have been received, they will have been fully paid for all hours worked without compromise.

7.  In consideration of the additional payments described above ($75.00 per Plaintiff), Plaintiffs on their own behalves and for their heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns hereby release, acquit, forever discharge, and hold harmless Defendant, its current and former corporate parents, subsidiaries, related entities, and affiliates (including, but not limited to, Brambles Industries, Inc.), together with each and all of their predecessors, successors, and assigns and all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, shareholders, and employees (collectively, the Releasees), from any and all charges, claims, demands, lawsuits, actions, liens, causes of action and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, which Plaintiffs now have, may have or have ever had against Defendant or the Releasees by reason of any and all acts, omissions, events, circumstances or facts existing or occurring up to the date of Plaintiffs execution of this Agreement. By way of example and not limitation, included in the charges, claims, demands, actions, causes of action and liabilities being released, acquitted, and forever discharged are all claims that were or could have been

3

asserted for unpaid wages; all claims arising out of or related to Plaintiffs employment by or relationship with Defendant or the Releasees and their separation therefrom; all claims arising out of any alleged violations of any contracts, express or implied; all tort claims; all common law claims; all claims for benefits; all claims for attorneys' fees and costs; all claims arising under Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section 1981; the Family and Medical Leave Act of 1993; the Age Discrimination in Employment Act of 1967; the Florida Civil Rights Act; the Florida Whistleblower Statute, and any and all other Florida Statutes; the Equal Pay Act; the Fair Labor Standards Act; the National Labor Relations Act; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, any state thereof, or any county, municipality, or other political subdivision of any state or of any agency or instrumentality of any of the foregoing.

8. The Parties shall not discuss the terms of this Agreement outside the context of this Action. However, nothing shall prevent the Parties from disclosing the terms as necessary to comply with any order of the Court regarding approval of the Agreement. Likewise, nothing shall prohibit the Parties from disclosing the terms of the Agreement to the extent necessary to enforce the same. It is the express intent of the Parties that, if asked about the Agreement or the Action, that each respond simply that the matter was "resolved."

9. By accepting the settlement sums payable under this Agreement, Plaintiffs acknowledge that they have been compensated in full and without compromise for their claims in this action. Plaintiffs also are aware of the sums payable to their counsel under this Agreement and agree that these sums represent a fair and final compromise of their claims for attorneys' fees in this Action.

10. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12. This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13. This Agreement shall be binding upon Plaintiffs and Defendant and upon their, as applicable, heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of said Parties and to their, as applicable, heirs, administrators, representatives, executors, successors and assigns.

4

14. In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All Parties acknowledge that they have had an opportunity to consult with an attorney before signing it. Plaintiffs further represent and warrant that Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in tis Agreement.

15. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Likewise, delivery of an electronic copy shall constitute delivery for purposes of the timing of disbursement.

16. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, and nullifies the prior agreement entered into on January 15, 2015.

DATE: 4/20/15                   Signature: _____
                                           Marcus Powers

DATE: _____                 Signature: _____
                                           Roberto Sanchez

DATE: _____                 Signature: _____
                                           Gary Boyd

DATE: _____                 Signature: _____
                                           Jose Sanchez

DATE: _____                 Signature: _____
                                           Jose Borges

DATE: _____                 Signature: _____
                                           Jose Roldan

DATE: _____                 Signature: _____

                                Print Name: _____

                                Title: _____
                                           On Behalf of CHEP USA

5

14. In signing this Agreement, all Parties expressly warrant that they have read and fully understand it.  All Parties acknowledge that this Agreement is voluntary and that no one ·is making or forcing either party to enter into it.  All Parties acknowledge that they have had an opportunity to consult with an attorney before signing it.  Plaintiffs further represent and warrant that Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in tis Agreement.

15. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Likewise, delivery of an electronic copy shall constitute delivery for purposes of the timing of disbursement.

16. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, and nullifies the prior agreement entered into on January 15, 2015.


DATE:_____          Signature:      _____
                                        Marcus Powers

DATE: 4.20.15           Signature:      _Roberto Sanchez_____
                                        Roberto Sanchez

DATE:_____          Signature:      _____
                                        Gary Boyd

DATE:_____          Signature:      _____
                                        Jose Sanchez

DATE:_____          Signature:      _____
                                        Jose Borges

DATE:_____          Signature:      _____
                                        Jose Roldan


DATE:_____          Signature:      _____

                        Print Name:     _____

                        Title:          _____
                                        On Behalf of CHEP USA

14. In signing this Agreement, all Parties expressly warrant that they have read and fully understand it.  All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it.  All Parties acknowledge that they have had an opportunity to consult with an attorney before signing it.  Plaintiffs further represent and warrant that Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in tis Agreement.

15. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Likewise, delivery of an electronic copy shall constitute delivery for purposes of the timing of disbursement.

16. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, and nullifies the prior agreement entered into on January 15, 2015.


DATE:_____        Signature:    _____
                                      Marcus Powers

DATE:_____        Signature:    _____
                                      Roberto Sanchez

DATE: 4-20-15           Signature:    _____
                                      Gary Boyd

DATE:_____        Signature:    _____
                                      Jose Sanchez

DATE:_____        Signature:    _____
                                      Jose Borges

DATE:_____        Signature:    _____
                                      Jose Roldan


DATE:_____        Signature:    _____

                        Print Name:   _____

                        Title:        _____
                                      On Behalf of CHEP USA

5

14. In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All Parties acknowledge that they have had an opportunity to consult with an attorney before signing it. Plaintiffs further represent and warrant that Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in tis Agreement.

15. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Likewise, delivery of an electronic copy shall constitute delivery for purposes of the timing of disbursement.

16. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, and nullifies the prior agreement entered into on January 15, 2015.

DATE:_____     Signature: _____
                               Marcus Powers

DATE:_____     Signature: _____
                               Roberto Sanchez

DATE:_____     Signature: _____
                               Gary Boyd

DATE: 4/21/15       Signature: _____
                               Jose Sanchez

DATE:_____     Signature: _____
                               Jose Borges

DATE:_____     Signature: _____
                               Jose Roldan

DATE:_____     Signature: _____

                    Print Name: _____

                    Title: _____
                               On Behalf of CHEP USA

5

14. In signing this Agreement, all Parties expressly warrant that they have read and fully understand it.  All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it.  All Parties acknowledge that they have had an opportunity to consult with an attorney before signing it.  Plaintiffs further represent and warrant that Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in tis Agreement.

15. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Likewise, delivery of an electronic copy shall constitute delivery for purposes of the timing of disbursement.

16. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, and nullifies the prior agreement entered into on January 15, 2015.

DATE:_____        Signature:    _____
                                     Marcus Powers

DATE:_____        Signature:    _____
                                     Roberto Sanchez

DATE:_____        Signature:    _____
                                     Gary Boyd

DATE:_____        Signature:    _____
                                     Jose Sanchez

DATE: 4/20/2015        Signature:    _____
                                     Jose Borges

DATE:_____        Signature:    _____
                                     Jose Roldan

DATE:_____        Signature:    _____

                       Print Name:   _____

                       Title:        _____
                                     On Behalf of CHEP USA

5

14. In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All Parties acknowledge that they have had an opportunity to consult with an attorney before signing it. Plaintiffs further represent and warrant that Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in tis Agreement.

15. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Likewise, delivery of an electronic copy shall constitute delivery for purposes of the timing of disbursement.

16. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, and nullifies the prior agreement entered into on January 15, 2015.

DATE:_____     Signature: _____
                                Marcus Powers

DATE:_____     Signature: _____
                                Roberto Sanchez

DATE:_____     Signature: _____
                                Gary Boyd

DATE:_____     Signature: _____
                                Jose Sanchez

DATE:_____     Signature: _____
                                Jose Borges

DATE: 4-20-15       Signature: _____
                                Jose Roldan

DATE:_____     Signature: _____

                    Print Name: _____

                    Title: _____
                                On Behalf of CHEP USA

5

14. In signing this Agreement, all Parties expressly warrant that they have read and fully understand it.  All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it.  All Parties acknowledge that they have had an opportunity to consult with an attorney before signing it.   Plaintiffs further represent and warrant that Plaintiff has not relied on any inducements, promises, or representations by CHEP USA or any other person, other than the terms and conditions set forth in tis Agreement.

15. This Agreement may be executed simultaneously in identical counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument. Likewise, delivery of an electronic copy shall constitute delivery for purposes of the timing of disbursement.

16. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, and nullifies the prior agreement entered into on January 15, 2015.


DATE:_____        Signature: _____
                                   Marcus Powers

DATE:_____        Signature: _____
                                   Roberto Sanchez

DATE:_____        Signature: _____
                                   Gary Boyd

DATE:_____        Signature: _____
                                   Jose Sanchez

DATE:_____        Signature: _____
                                   Jose Borges

DATE:_____        Signature: _____
                                   Jose Roldan

DATE: 4/22/15           Signature: _Max Jac_____

                        Print Name: _Matthew Hallatin_____

                        Title: _CFO, CHEP North America_____
                                   On Behalf of CHEP USA


5