**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARCUS POWERS,**

        **Plaintiff,**

v.                                            **Case No:   6:14-cv-1216-Orl-40GJK**

**BRAMBLES INDUSTRIES, INC.,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR SETTLEMENT (Doc. No. 37)** |
| **FILED:** | **April 22, 2015** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

The factual background of this case is set forth in the undersigned's April 3, 2015 order, and is fully adopted herein by reference.  Doc. No. 35 at 1-6.  On April 22, 2015, Marcus Powers, Jose Sanchez, Jose Borges, Jose Roldan, Roberto Sanchez, Gary Boyd, and Brambles Industries, Inc. filed a Renewed Joint Motion for Settlement Approval (the "Motion").  Doc. No. 37.  The parties request that the Court approve their settlement agreement (the "Agreement") and to dismiss the case with prejudice.  Doc. Nos. 37 at 2; 37-1 at 1-11.

In this case, the Plaintiff and Opt-In Plaintiff seek recovery of their unpaid overtime wages, plus liquidated damages, under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.*, (the

"FLSA"). *See* Doc. No. 1. In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the only means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by Secretary of Labor); *Nall v. Mal-Motel, Inc*., 723 F.3d 1304, 1306-07 (11th Cir. 2013) (the framework for *Lynn's Food* applies to settlement agreements between former employers and employees). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions of coverage and liability. *Lynn's Food*, 679 F.2d at 1354-55. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; [the Eleventh Circuit allows] the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Thus, the Court is required to scrutinize settlement agreements for

fairness where a plaintiff has compromised his or her claim under the FLSA.

However, "[w]hen the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny." *Crooms v. Lakewood Nursing Center, Inc.*, No. 3:07-cv-435-J-32TEM, 2008 WL 398933, at *1 (M.D. Fla. Feb. 12, 2008) (citing persuasive authority). *See also Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1227 n.6 (M.D. Fla. 2009) ("If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement."); *Brown v. TMC of Central Florida, Inc.*, No. 6:07-cv-910-Orl-19KRS, 2008 WL 2157054, at *1 (M.D. Fla. May 20, 2008) (where plaintiff stipulates receiving full payment of wages and liquidated damages possibly due, the settlement is fair). Thus, where a plaintiff is receiving full compensation, including wages and liquidated damages, possibly due under the FLSA, the settlement is necessarily fair and there is no need to further scrutinize it under *Lynn's Food*. *Id*.

In this case, the Plaintiff and Opt-In Plaintiff's each "acknowledge that they have been compensated in full and without compromise for their claims in this action." Doc. No. 37-1 at 4-11. Thus, the Agreement is fair and reasonable, and there is no need to further scrutinize it. *See Bonetti*, 715 F. Supp. 2d at 1227 n.6.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 37); and
2. **DISMISS** the case with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter,**

**if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on April 27, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy